UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE DIAZ,<br><br>            Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>            Defendants. | No.  2:17-cv-0235 KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff claims that he was previously diagnosed with heart issues by a doctor, but since then, he has asked for heart treatment, surgery and strong pain medications to endure the pain, but has been denied these services several times.  Plaintiff claims he has suffered loss of sleep, emotional distress, mental stress, and many strong chest pains, and has been denied medication to treat his medical conditions.  He states he is "scared" he is going to "have a heart attack and end up passing away due to their negligence." (ECF No. 1 at 3.)  Plaintiff seeks an MRI and stronger medications, and if the MRI shows a heart condition, he wants heart surgery.  Plaintiff also seeks money damages.

First, plaintiff has not named a proper defendant.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

The California Department of Corrections and Rehabilitation ("CDCR"), California Correctional Health Care Services ("CCHCS"), High Desert State Prison, and Health Care Appeals office, are not proper defendants. State agencies, such as the CDCR, CCHCS, HDSP, and the appeals office, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies). Thus, these defendants are dismissed.

Plaintiff names no individual defendant by name. Rather, plaintiff lists "all Drs. Involved," as defendants. Plaintiff must set forth the name of each doctor plaintiff alleges violated his constitutional rights. In addition, the court cannot order service of process on a defendant unless plaintiff provides the defendant's name.

Second, plaintiff's allegations are too general and insufficient to demonstrate any individual was deliberately indifferent to plaintiff's serious medical needs.

While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

////

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Additionally, a difference of opinion between a physician and the prisoner -- or between medical professionals -- regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Snow, 681 F.3d at 987, Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, plaintiff alleges no facts demonstrating that a particular doctor was deliberately indifferent to plaintiff's serious medical needs. In addition, the appended exhibits demonstrate plaintiff was receiving medical and cardiac care. (ECF No. 1 at 5.) For example, plaintiff had twice been tested with a cardiograph patch; an echocardiogram and a stress test showed negative findings; and plaintiff's Zio Patch was submitted on March 14, 2016, for evaluation by the cardiologist. (ECF No. 1 at 5.) On May 2, 2016, cardiologist Dr. Kelley saw plaintiff for "palpitations, vertigo and atypical chest pain," and noted plaintiff's "perfusion study was negative." (ECF No. 1 at 24.) Dr. Kelley recommended increasing Metoprolol to 100 mg, Meclizine as a therapeutic trial, with follow up in two months. (ECF No. 1 at 24.) On May 4, 2016, plaintiff had a telemedicine office visit with Dr. Griffith, D.O., a primary care provider.

Dr. Griffith reviewed plaintiff's EKG, Chest x-ray and labs which were all normal, and referred plaintiff to psychiatry for ruling out anxiety and to offer treatment options. (Id.) Dr. Griffith advised stress management and exercise. (Id.) On July 18, 2016, plaintiff was seen by a cardiologist who recommended a follow up in three months. (ECF No. 1 at 18.) Also, plaintiff is enrolled in the Chronic Care Program which closely monitors plaintiff's medical conditions and medication needs. (ECF No. 1 at 25.) On November 21, 2016, plaintiff was seen by his primary care physician who noted plaintiff "refused" his "cardiology appointment on October 31, 2016." (ECF No. 1 at 25.) The December 21, 2016 appeal response states that plaintiff is prescribed pain medication. (ECF No. 1 at 26.)

Moreover, in his request for second level review, plaintiff seeks a second opinion on his heart condition "from a doctor from a hospital" (ECF No. 1 at 12), and continues to seek an MRI as well as heart surgery. The allegations in plaintiff's administrative appeals suggest that plaintiff disagrees with the care he has received, and does not suggest deliberate indifference on the part of any particular doctor. Plaintiff is cautioned that in order to state an Eighth Amendment claim, he must allege specific facts that demonstrate an individual acting under color of state law was deliberately indifferent to plaintiff's serious medical needs. Mere negligence or difference of opinion is insufficient.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.

Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

However, plaintiff is not required to append exhibits to his amended complaint, or to re-submit the exhibits provided with his original complaint.  Plaintiff may refer to the exhibits provided, or he may ask the Clerk of Court to attach his previously-submitted exhibits to his amended complaint.  (ECF No. 1 at 4-26.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

1         a. The completed Notice of Amendment; and

2         b. An original and one copy of the Amended Complaint on the form provided.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  March 21, 2017

/diaz0235.14n

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                         FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | JORGE DIAZ,                                  | No. 2:17-cv-0235 KJN P
12 |            Plaintiff,
13 |       v.                                     | NOTICE OF AMENDMENT
14 | CDCR, et al.,
15 |            Defendants.
16

17       Plaintiff hereby submits the following document in compliance with the court's order

18 filed_____.

19       _____       Amended Complaint
   DATED:
20

21                                               _____
                                                 Plaintiff
22
23
24
25
26
27
28