UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE DIAZ, | No. 2:17-cv-0235 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. GRIFFITH, D.O., et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Improper Defendants

Plaintiff again names as defendants the California Department of Corrections and Rehabilitation ("CDCR") and the California Correctional Health Care Services ("CCHCS"). As plaintiff was previously advised, these are not proper defendants. State agencies, such as the

2

CDCR, and CCHCS, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies). Thus, these defendants are dismissed.

IV. Plaintiff's Amended Complaint

Plaintiff claims that his first doctor advised plaintiff that he had a mild heart attack and that he needed surgery, which is noted in his medical files. Plaintiff contends that defendant Dr. Griffith failed to provide plaintiff with stronger pain medications and surgery. Plaintiff claims that Dr. Griffith and Dr. Kelley are failing to follow other doctors' orders to provide plaintiff surgery. Plaintiff states that he has sought a second opinion "to clarify what the doctor said about needing surgery," but that Dr. Griffith and Dr. Kelley insist that plaintiff must pay for any second opinion. As injury, plaintiff claims his heart hurts "very strongly," and that he is stressed because he fears he will have a heart attack. Plaintiff contends that these defendant doctors are not following his first doctor's orders, and are interfering with his medical care. In addition to monetary damages, plaintiff seeks an MRI and a second opinion with non-CDCR doctors as to whether heart surgery is required.

V. Medical Standards

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a

constitutional violation has occurred." Id. "The more basic the need, the shorter the time it can be withheld." Id. (citations omitted).

To prevail on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must show that: (1) he had a serious medical need; and (2) the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).

For a prison official's response to a serious medical need to be deliberately indifferent, the official must "'know[ ] of and disregard[ ] an excessive risk to inmate health.'" Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (*en banc*) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

It is well established that "a mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (alterations in original) (citation omitted). This rule applies whether the difference is between the medical professional(s) and a prisoner or two or more medical professionals. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).

In appropriate cases, however, a prisoner may state a claim of deliberate indifference to medical needs based on a difference of medical opinion. To do so, the prisoner must show that "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson, 90 F.3d at 332 (citations omitted). Under this rule, denying an inmate a kidney transplant based on "personal animosity" rather than "honest medical judgment" would constitute deliberate indifference. Id.

VI. Discussion

Here, plaintiff's bald allegation that Dr. Griffith failed to provide stronger pain medications and surgery is too generalized to state a cognizable claim. In addition, plaintiff fails to set forth facts sufficient to demonstrate that either defendant doctor has interfered with a

4

previous doctor's orders.  Plaintiff does not indicate when he allegedly had his mild heart attack, or identify the doctor who allegedly told plaintiff he required surgery, or identify the type of surgery suggested.  He does not state whether the doctor was a prison doctor or whether this occurred prior to his incarceration.  Moreover, plaintiff fails to allege facts demonstrating that either named defendant doctor has chosen a course of treatment that is medically unacceptable under the circumstances.  Indeed, plaintiff appears to express some confusion as to whether his first doctor believed plaintiff required surgery, stating that he's asked for a second opinion "just to clarify what Dr. said about needing surgery."  (ECF No. 10 at 3.)

In any event, since that time, plaintiff has been seen by multiple doctors, including a cardiologist, and has also received numerous medical tests, including an echocardiogram, and a stress test, which had negative results.  (ECF No. 1 at 5.)  He has twice been tested with a cardiograph patch, and his Zio Patch was submitted on March 14, 2016, for evaluation by the cardiologist.  (ECF No. 1 at 5.)  On May 2, 2016, cardiologist Dr. Kelley saw plaintiff for "palpitations, vertigo and atypical chest pain," and noted plaintiff's "perfusion study was negative." (ECF No. 1 at 24.)  Dr. Kelley recommended increasing Metoprolol to 100 mg, Meclizine as a therapeutic trial, with follow up in two months.  (ECF No. 1 at 24.)  On May 4, 2016, plaintiff had a telemedicine office visit with Dr. Griffith, D.O., a primary care provider. Dr. Griffith reviewed plaintiff's EKG, Chest x-ray and labs which were all normal, and referred plaintiff to psychiatry for ruling out anxiety, and to offer treatment options.  (Id.)  Dr. Griffith advised stress management and exercise.  (Id.)  On July 18, 2016, plaintiff was seen by a cardiologist who recommended a follow up in three months.  (ECF No. 1 at 18.)  Also, plaintiff is enrolled in the Chronic Care Program which closely monitors plaintiff's medical conditions and medication needs.  (ECF No. 1 at 25.)  On November 21, 2016, plaintiff was seen by his primary care physician who noted plaintiff "refused" his "cardiology appointment on October 31, 2016." (ECF No. 1 at 25.)  The December 21, 2016 appeal response states that plaintiff is prescribed pain medication.  (ECF No. 1 at 26.)  Finally, in his request for second level review, plaintiff seeks a second opinion on his heart condition "from a doctor from a hospital" (ECF No. 1 at 12), and continues to seek an MRI as well as heart surgery.

The undersigned finds that these records demonstrate that plaintiff is receiving comprehensive medical care, and does not suggest deliberate indifference on the part of either defendant doctor. Rather, it appears that plaintiff disagrees with the course of treatment that the defendant doctors have chosen. This disagreement is insufficient to state a cognizable civil rights claim.

Therefore, plaintiff's amended complaint is dismissed. In an abundance of caution, plaintiff is granted leave to file a second amended complaint.

If plaintiff chooses to amend, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

However, plaintiff is not required to append exhibits to his second amended complaint, or to re-submit the exhibits provided with his original complaint. Plaintiff may refer to the exhibits provided, or he may ask the Clerk of Court to attach his previously-submitted exhibits to his second amended complaint. (ECF No. 1 at 4-26.)

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint on the form provided.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: August 30, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/diaz0235.14amd

UNITED STATES DISTRICT COURT

                       FOR THE EASTERN DISTRICT OF CALIFORNIA

| JORGE DIAZ,            | No. 2:17-cv-0235 KJN P |
|                        |                        |
|     Plaintiff,         |                        |
|     v.                 | NOTICE OF AMENDMENT    |
| CDCR, et al.,          |                        |
|     Defendants.        |                        |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Second Amended Complaint
DATED:

                                    _____
                                    Plaintiff